UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS HURLEY, et al.,

       Plaintiff,                                   Hon. Janet T. Neff

v.                                             Case No. 1:12-cv-00741

INVESTMENT MANAGEMENT AND
RECOVERIES, INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Investment Management and Recoveries, Inc. (Dkt. 7) and Plaintiff's Motion for Default Judgment Against Defendant Randall Goins (Dkt. 23), which were referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). A hearing on the motions was held February 11, 2013.

A summons was returned executed as to defendant Investment Management and Recoveries, Inc. (Dkt. 3). Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant Investment Management and Recoveries, Inc. on September 6, 2012 (Dkt. 6). Notice of hearing on the motion for default judgment (Dkt. 17) was served on defendant Investment Management and Recoveries, Inc. Defendant Investment Management and Recoveries, Inc. did not appear for the hearing or contact the court in any way.

A proof of service of the summons and complaint was filed as to defendant Randall Goins on November 6, 2012 (Dkt. 18). Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant Randall Goins on December 12, 2012 (Dkt. 21). Notice of hearing on the motion for default judgment (Dkt. 24) was served on defendant Randall Goins (Dkt. 25). Plaintiff, through counsel, appeared for the February 11, 2013 hearing on the motion for default judgment. Defendant Randall Goins did not appear for the hearing or contact the court in any way.

## THE PARTIES

Plaintiff Chris Hurley is an individual claiming that defendants Investment Management and Recoveries, Inc. and Randall Goins violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff's complaint states that defendant Investment Management and Recoveries, Inc. is an entity engaged in attempted debt collection and that Randall Goins is an individual who at all relevant times was engaged in the business of attempting to collect payment from plaintiff, as defined by 15 U.S.C. § 1691a(5) (Dkt. 1). Neither defendant is a minor or an incompetent person. As the defendants have not answered or otherwise pled, the allegations against them are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DAMAGES

Damages in Fair Debt Collection Practices Act cases are governed by statute and limited to $1000.00 unless plaintiff proves actual damages, which is not the case here. 15 U.S.C. § 1692k(a)(2)(A).

## FEES AND COSTS

Reasonable attorney fees and applicable court costs are recoverable in Fair Debt Collection Practices Act cases. 15 U.S.C. § 1692k(a)(3). Attorney fees expended in this matter are detailed in the Affidavit in Further Support of Plaintiff's Motion for Default filed February 10, 2012 (Dkt. 27). The amount requested, $4,570.00, appears reasonable to the undersigned. Court costs in the amount of $425.00 are also recoverable.

## CONCLUSION

The undersigned is satisfied that plaintiff has complied with Fed. R. Civ. P. 55(b) and has held a hearing pursuant to Fed. R. Civ. P. 55(b)(2) regarding damages. It is hereby recommended that Plaintiff's Motion for Default Judgment Against Investment Management and Recoveries, Inc. (Dkt. 7) and Plaintiff's Motion for Default Judgment Against Defendant Randall Goins (Dkt. 23) be GRANTED, and that judgment be entered jointly and severally in favor of plaintiff and against defendants Investment Management and Recoveries, Inc. and Randall Goins as follows:

| Category | Amount |
| --- | --- |
| Damages | $1,000.00 |
| Attorney Fees | $4,570.00 |
| Costs | $425.00 |
| **TOTAL** | **$5,995.00** |

Respectfully submitted,

Date: February 11, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).